# United States District Court
# Western District of Oklahoma

Don Barthelme

•

      Plaintiff,

          Case No.  17-962

vs.

SETERUS, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and
FANNIE MAE REMIC TRUST 2004-21;



NOV 1 3 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____Rm_____,DEPUTY

      Defendants.

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND BRIEF IN SUPPORT

COMES NOW Plaintiff Don Barthelme, *Pro se*, and, pursuant to Fed. R. Civ. P. 15 (a)(2), files this Motion for Leave to File Amended Complaint and, in support, states as follows:

### BACKGROUND

On September 7, 2017 Plaintiff filed the Complaint in the instant action.  On September 27, 2017 Defendant SunTrust Mortgage, Inc.  filed a Motion to Dismiss Plaintiff's Complaint. On September 29, 2017 Defendants Seterus, Inc., Fannie Mae REMIC Trust 2004-21 and Federal National Mortgage Association filed a Motion to Dismiss.

Plaintiff requests leave to file an Amended Complaint to address and cure pleading deficiencies and to clarify issues outlined in the Motions to Dismiss.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.     Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank 3 v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *see also Duncan v. Manager, Dep't of Safety, City, and County of Denver*, 397 F.3d 1300, 1315 (10th Cir.2005).

The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (*quoting Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

In *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) the court stated:

> the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.

2

Since this case began just two months ago there is no undue delay or undue prejudice to the opposing parties, there is no bad faith or dilatory motive and Plaintiff believes that the amendment would not be futile as it addresses the pleading deficiencies outlined in the Motions to Dismiss and clarifies the issues on which Plaintiff's claims are based.

WHEREFORE, for all the above reasons, Plaintiff respectfully requests that this Court grant the Motion for Leave to File Amended Complaint and accept for filing the Amended Complaint attached hereto. Plaintiff further requests that the Court grant all such other and further relief it deems appropriate.

November 11, 2017                                      Respectfully submitted.

DON BARTHELME
12104 CORN FLOWER PLACE
OKLAHOMA CITY, OK 73120
Phone: 405.748.6709
Email: bart83@gmail.com

3

## SERVICE LIST

Kelly M Parker
LAMUN MOCK CUNNYNGHAM & DAVIS PC
5613 N Classen Blvd
Oklahoma City, OK 73118-1295

Graham W. Gerhardt
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, first class

mail, postage prepaid to the above listed persons on the service list, this _11_ day of

November 2017.

Don Barthelme
Don Barthelme